WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwon Wilson, | No. CV-16-03012-PHX-JAT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Joseph M Arpaio, | |
| Respondent. | |

Pending before the Court is Plaintiff Demetrius A. Wilson's "Notice of Change of Magistrate Judge Deborah M. Fine and Requesting She Be Removed" ("Motion"), filed on September 21, 2016. (Doc. 4). As the title of the motion suggests, Plaintiff seeks to remove Magistrate Judge Fine from presiding over the instant Writ of Habeas Corpus proceeding.[1] Plaintiff contends that she has a "conflict of interest," stemming from her presence in another matter in which Plaintiff is a litigant, 2:16-CV-2096-JAT-DMF.[2] (*Id.* at 1). Having considered Plaintiff's filing, the Court now rules on the motion.

**I.**

Two statutes govern whether a federal judge must recuse in a particular case, Title

---

[1] Plaintiff's motion also asks that Magistrate Judge Fine be removed from 2:14-CV-1613-JAT-DMF. The Court's Order only addresses Plaintiff's request with respect to the instant action.

[2] Plaintiff also filed a similar motion in 2:16-CV-2096-JAT-DMF that is adjudicated by separate order.

28 U.S.C. §§ 144 and 455 (2012). The Court is unclear as to which statute Plaintiff moves under, and will address both with respect to Plaintiff's claims.[3]

Section 144 applies when a party to a proceeding believes that the judge "has a personal bias or prejudice either against him or in favor of any adverse party," 28 U.S.C. § 144, and "expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted). Specifically, the statute provides:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. When a party files a timely and legally sufficient affidavit pursuant to section 144, the judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id.*; *Sibla*, 624 F.2d at 867. But "if the motion and affidavit required by section 144 [are] not presented to the judge, no relief under section 144 is available." *Sibla*, 624 F.2d at 868.

Having reviewed Plaintiff's motion, the Court finds that it does not comply with the requirements set forth in 28 U.S.C. § 144. Plaintiff has not attached any affidavit to his motion, let alone one that alleges sufficient facts to satisfy the statute's demands. Thus, to the extent Plaintiff's motion is brought under section 144, it will be denied, with prejudice.

---

[3] *See Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted) (courts must "liberally construe" the pleadings of pro se litigants); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (courts should liberally construe the "inartful pleading" of pro se litigants); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (courts in this Circuit should hold "pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers").

Considering Plaintiff's motion under 28 U.S.C. § 455,[4] it argues that Magistrate Judge Fine must be removed due to a "conflict of interest" with a separate, ongoing matter. (Doc. 4 at 1). Reading Plaintiff's motion liberally, as the Court must, the Court finds that Plaintiff's argument is best characterized as one under 28 U.S.C. § 455(a), where a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)), *cert. denied*, 513 U.S. 1171, 115 S. Ct. 1147.[5]

To be disqualifying, the judge's bias, partiality, or prejudice must stem from an extrajudicial source, as the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554 (1994). In *Liteky*, the Supreme Court went on to explain that "opinions formed by a judge on the basis of facts introduced or events occurring in the course of judicial proceedings do not provide a basis for recusal unless they indicate that the judge has 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Reed v. Barcklay*, No. CV-11-01339-PHC-JAT (JFM), 2012 U.S. Dist. LEXIS 87988, at *11 (D. Ariz. June 25, 2012) (quoting *Liteky*, 510 U.S. at 555).

Here, Plaintiff's motion fails for two reasons. First, the motion is accompanied by absolutely no facts or evidence in support of Plaintiff's claim of partiality/conflict of interest. Thus, no "reasonable person with knowledge of all the facts would conclude the

---

[4] Section 455 is broader than Section 144 and may be triggered by a party *sua sponte* without the filing of an affidavit.

[5] Section 455 contains two subsections that arguably hew more closely to Plaintiff's claim of "conflict of interest." Section 455 (b)(2),(3) speak to disqualification where the presiding judge has a conflict of interest stemming from prior, personal involvement in the case in either the private or public sector. Plaintiff's motion, however, alleges absolutely no facts that would support removal under either "conflict of interest" provision. Thus—despite Plaintiff's asserted basis—the Court finds that under a liberal reading of the motion, Plaintiff in fact alleges partiality or bias on the part of Magistrate Judge Fine, which falls under 28 U.S.C. § 455(a).

judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (citation omitted); *see also United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (noting that allegations of bias or partiality that are conclusory in nature are legally insufficient to support recusal/removal). Second, the only alleged source of Magistrate Judge Fine's alleged partiality/conflict of interest is the fact that she was assigned to 2:16-CV-2096-JAT-DMF and has issued a number of "judicial rulings," expressly foreclosed as an appropriate basis for removal by the Supreme Court.[6] *Liteky*, 510 U.S. at 554.

In light of these realities, Plaintiff has failed to carry his burden under either 28 U.S.C. §§ 144 or 455(a), and his motion will be denied.

**II.**

For the reasons discussed previously,

/
/
/
/
/
/
/
/
/
/
/

---

[6] Plaintiff makes no effort to argue that Magistrate Judge Fine's prior rulings establish that she "has 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Reed,* 2012 U.S. Dist. LEXIS 87988, at *11 (quoting *Liteky*, 510 U.S. at 555).

1  **IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** only
2  with respect to Plaintiff's "Notice of Change of Magistrate Judge Deborah M. Fine and
3  Requesting She Be Removed," (Doc. 4), and that all other matters must remain with the
4  Magistrate Judge.

5  **IT IS FURTHER ORDERED** that to the extent Plaintiff's "Notice of Change of
6  Magistrate Judge Deborah M. Fine and Requesting She Be Removed," (Doc. 4), seeks
7  removal of Magistrate Judge Fine pursuant to 28 U.S.C. § 144, it is **DENIED**, with
8  prejudice.

9  **IT IS FURTHER ORDERED** that to the extent Plaintiff's "Notice of Change of
10 Magistrate Judge Deborah M. Fine and Requesting She Be Removed," (Doc. 4), seeks
11 removal of Magistrate Judge Fine pursuant to 28 U.S.C. § 455, it is **DENIED**, without
12 prejudice.

13 Dated this 28th day of September, 2016.

James A. Teilborg
Senior United States District Judge